MACDONALD & ASSOCIATES
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>FIRST STREET HOLDINGS NV, LLC, et al.<br><br>Debtors. | Case No. 11-49300-RLE-11<br><br>(Jointly Administered with Case Nos. 11-49301, 11-70224, 11-70228, 1-70229, 11-70231, 11-70232, 11-70233 and 11-70234)<br><br>Chapter 11<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EVIDENTIARY SANCTIONS / MOTION *IN LIMINE* / TO CONTINUE TRIAL<br><br>Date: TBD<br>Time: TBD<br>Place: 1300 Clay Street, Courtroom 201<br>       Oakland, CA<br><br>Honorable Roger L. Efremsky |

INTRODUCTION

This court has made two important orders governing the conduct of the relief from stay motion (now set for trial December 1 and 2, 2011), none of which have been compiled by MS Mission Holdings, the moving party:

Accounting: on October 14, 2011, upon request of debtors' counsel and with the full agreement of MS Mission Holdings' counsel, Harvey Strickon, the court ordered that MS Mission

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EVIDENTIARY SANCTIONS / MOTION *IN LIMINE* / TO CONTINUE TRIAL

Case: 11-49300  Doc# 58-1  Filed: 11/10/11  Entered: 11/10/11 15:41:43  Page 1 of 5

Holdings provide a "detailed accounting" of its claim not later than close of business on October 31, 2011. Only two pages, with no backup whatsoever, were provided. (Macdonald Declaration, Exhibit "A"). An "accounting" is well understood by bankruptcy professionals to mean such information as is necessary to trace all activities that occurred, and is detailed enough to allow a recalculation of the amount of the claim—in other words, enough information to show how all of the amounts in question were derived. For example, in the fee application process, a professional must provide meticulously accurate time records. Here, debtors received virtually nothing. The failure of MS Mission Holdings to produce an accounting has severely hampered debtors' trial preparation because its forensic accountant, Hemming Morse, Inc., is unable to draw any conclusions regarding the appropriateness, reasonableness, accuracy of the amounts contained on the ledger (Declaration of D. Paul Regan).

Not only does MS Mission Holdings' ledger fall far short of a "detailed accounting," it raises more questions than it answers. Debtors' counsel has made several requests for an accounting, and the latest statement from MS Mission Holdings' counsel is that "we are assembling what is necessary to support the accounting that was provided, and we will be prepared to back it up". (Macdonald Declaration, Exhibit "B"). This is not a new issue to MS Mission Holdings: David Choo, debtors' principal, has made numerous requests for an accounting, the last communication he received from MS Mission Holdings was that it will be provided along with the foreclosure notice. (David Choo Declaration).

<u>Witness list</u>: the court also ordered that the parties designate the non-expert witnesses in support of their case in chief by close of business October 31, 2011. A critical witness to the case is the representative of Capital Source Finance LLC to testify with respect to the detailed accounting underlying the claim which MS Mission Holdings only recently purchased. MS Mission holdings has designated no person other than some "Persons Most Knowledgeable for Capital Source Finance LLC," rendering it absolutely impossible for debtor to ascertain who this key witness will be—the debtor obviously cannot conduct discovery without proper identification and production of the witness. Moreover, debtors' request for identification of this person has not only gone unheeded (Macdonald declaration, Exhibit "H"), but Mr. Strickon unilaterally terminated all meet and confer,

told Macdonald he had no control over Capital Source and that Macdonald should subpoena Capital Source himself! (Macdonald Declaration, Exhibit "C").

<u>Interference with trial preparation</u>: in addition to terminating the meet-and-confer, MS Mission holdings has interfered with debtor's trial preparation by filing an objection to its application to retain its expert witness (Objection And/Or Response To Debtor's Application for Appointment of Colliers International As Appraiser; Macdonald Declaration Exhibit "I"). Although the identity of Colliers as debtor's expert was disclosed to Mr. Strickon around October 14, 2011, and although the court fixed November 18, 2011 as the deadline for debtors to file and submit its appraisal report, MS Mission Holdings filed a formal objection to debtor's application to retain Colliers on several grounds:

    a. Colliers will take too long to complete the appraisal—debtors have advised the court that Colliers is working as fast as it can;

    b. Colliers will not commence work until it has received an executed copy of the engagement letter and there is no evidence of this is been done—this is of no moment to MS Mission Holdings;

    c. Colliers previously appraised the same property for Capital Source Finance LLC—an appraiser is not subject to the conflict rules of attorneys and is expected to appraise the property with the same degree of impartiality regardless of who the report is being done for;

    d. Debtors' application is vague concerning an alleged $3,000 obligation of debtors to Colliers. The declaration by Colliers explains that this account is from an old invoice and that the Debtors do not owe Colliers any amount.

These issues are clearly of no consequence to MS Mission holdings and appear to be submitted solely to hinder debtor is in its trial preparation. The effect of these objections has been to delay Colliers by creating an uncertainty as to whether Colliers will be allowed to proceed with the project. (Macdonald Declaration ¶ 7).

## ARGUMENT

**I.**     Evidentiary Sanctions Are Appropriate Where MS Mission Holdings Has failed and

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EVIDENTIARY SANCTIONS/ MOTION *IN LIMINE* / TO CONTINUE TRIAL

Case: 11-49300    Doc# 58-1    Filed: 11/10/11    Entered: 11/10/11 15:41:43    Page 3 of 5

<u>Refused To Provide The Detailed Accounting Ordered By The Court.</u>

MS Mission Holdings is well aware of the many issues surrounding the claim it bought from Capital Source Finance LLC. While its moving papers tell the court that it is owed an excess of $95 million, it in fact recently purchased the claim for less than half the amount owing, or $44 million. There was substantial litigation regarding the claim and substantial issues have been raised by the debtors regarding the amount of the claim. (David Choo Declaration). The purchase price most likely reflected the value of the claim and the amount it should be allowed for. Indeed, the debtors are filing claim objections and cross-claims specifying its objections. Under Fed. R. Civ. P. 37 evidentiary sanctions are appropriate in this situation—MS Mission holdings should be precluded from submitting evidence regarding the amount of its claim because of its failure to provide a detailed accounting. <u>Cheng v. AIM Sports, Inc.</u>, Case No. CV 10-3814 (PSG) (PLAx) (C.D. Cal. Aug. 23, 2011)) <u>Bratka v Anheuser-Busch Co. (1995, SD Ohio) 164 FRD 448.</u> <u>Bank of Mong. v M&P Global Fin. Servs. (2009, SD Fla) 258 FRD 514.</u>

**II.** <u>MS Mission Holdings Has The Burden Of Proof Regarding The Amount Of Its Claim.</u>

The Bankruptcy Code imposes upon MS Mission Holdings, Inc. the burden of proof on debtors' lack of equity 11 U.S.C. 362(g)(1). Obviously, a major component of "equity" is the amount of the secured claim. Without accounting for its claim, MS Mission Holdings cannot prevail. Accordingly, a motion *in limine* excluding any evidence of the MS Mission Holdings' claim is proper. This issue should be resolved sooner rather than later so that discovery can proceed—debtors' have been severely hampered in preparing for trial without this evidence. (Macdonald Declaration, ¶ 8, 9).

WHEREFORE, debtors pray:

1. For evidentiary sanctions precluding MS Mission Holdings from proving the amount of its claim;
2. For a motion *in limine* excluding evidence of the amount of its claim;
3. Alternatively, for continuance of the trial and rescheduling discovery, coupled with an order to produce an accounting; and

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EVIDENTIARY SANCTIONS / MOTION *IN LIMINE* / TO CONTINUE TRIAL

Case: 11-49300    Doc# 58-1    Filed: 11/10/11    Entered: 11/10/11 15:41:43    Page 4 of 5

4. For such other and further relief as is proper in the premises.

DATED: November 10, 2011                                MACDONALD & ASSOCIATES

                                            By: /s/ Iain A. Macdonald
                                                Iain A. Macdonald
                                                Attorneys for Debtors-in-Possession

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EVIDENTIARY SANCTIONS / MOTION *IN LIMINE* / TO CONTINUE TRIAL

Case: 11-49300    Doc# 58-1    Filed: 11/10/11    Entered: 11/10/11 15:41:43    Page 5 of 5