Entered on Docket
June 06, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**BINDER & MALTER, LLP**
HEINZ BINDER (SBN 87907)
ROBERT G. HARRIS (SBN 124678)
WENDY W. SMITH (SBN 133887)
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408) 295-1700
Facsimile: (408) 295-1501

Special Appellate Counsel for debtors and possession First Street Holdings NV, LLC, Holdings, LLC, 78 First Street, LLC, 88 F 518 Mission, LLC, First/Jessie, LLC, JP C Peninsula Towers, LLC and Sixty-Two First Street, LLC

The following constitutes
the order of the court. Signed June 6, 2013

Roger L. Efremsky
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FIRST STREET HOLDINGS NV, LLC, et al.,<br><br>Debtors. | Case No. 11-49300-RLE-11<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 11-49301, 11-70224, 11-70228, 11-70229, 11-70231, 11-70232, 11-70233 and 11-70234)<br><br>Date: June 6, 2013<br>Time: 11:00 a.m.<br>Place: Courtroom 201<br>       1300 Clay Street<br>       Oakland, California |

**ORDER GRANTING MOTION TO APPROVE
COMPROMISE OF CONTROVERSY AND FOR CONDITIONAL
DISMISSAL OF CASES (11 U.S.C. §1112(b); FRCP 9019)**

The Motion To Approve Compromise Of Controversy And For Conditional Dismissal Of Cases (11 U.S.C. §1112(b); FRCP 9019) [Docket Entry 298] (the "Motion") came on for hearing at the date, time, and place specified above. Robert G. Harris, Esq. of Binder & Malter, LLP and Julian Bach, Esq. appeared for debtors and debtors-in-possession First Street Holdings NV, LLC,[1] Lydian SF Holdings, LLC, 78 First Street, LLC, 88 First Street LLC, 518 Mission, LLC, First/Jessie, LLC, JP Capital, LLC, Peninsula Towers,

---
[1] Aka First Street Holdings, LLC

15210.001 2433574v3

1      Case No.: 11-49300-RLE-11
ORDER GRANTING MOTION TO APPROVE COMPROMISE AND DISMISSAL

LLC, and Sixty-Two First Street, LLC (collectively, the "Debtors").  Harvey A. Strickon, Esq. and Mark E. McKeen, Esq. of Paul Hastings LLP appeared for MS Mission Holdings, LLC ("MS").  Gregg M. Ficks, Esq. of Coblentz, Patch, Duffy & Bass LLP appeared for party-in-interest FM Owner LLC ("FM").  Other appearances, if any, were noted on the record.

Having considered the Motion and all pleadings and papers filed in support of the Motion, all objections and oppositions to the Motion, if any (the "Objections"), and the arguments of counsel at the hearing, and having determined that notice of the hearing and the Motion has been proper, that all Objections are, to the extent not withdrawn, overruled, and that there is good cause appearing, IT HEREBY IS ORDERED AS FOLLOWS:

1. The Motion is GRANTED.

2. The Settlement Agreement and General Release (the "Lender Parties Settlement Agreement")[2] between MS, JP Capital, LLC , and Peninsula Towers, LLC , on the one hand, and debtors Sixty-Two First Street, LLC, 78 First Street, LLC, 88 First Street, LLC, 518 Mission Street, LLC, and First/Jessie, LLC, First Street Holdings, LLC and Lydian SF Holdings, LLC , as well as non-debtors H. David Choo ("Choo"), Lydian, LLC, a Colorado limited liability company , Lydian II, LLC, a Colorado limited liability company , Anna Choo Chung  as the trustee of the H. David Choo Irrevocable Trust dated December 20, 2005 , the Aeolian Trust dated January 6, 2003 , the Hyesung Choo Irrevocable Trust dated December 20, 2005 , and Marcus Heights, LLC, a California limited liability company ("Marcus Heights"), on the other hand, hereby is APPROVED.

3. As of the Lender Parties Settlement Agreement's "Effective Date", to wit: when (a) this Order has been entered and is final; and (b) the "Closing" under the "Omnibus Agreement" (as those terms are described below) occurs, the Debtors are authorized and directed to do the following (and any applicable non-debtor parties to the Lender Parties Settlement Agreement are also authorized and directed to do the following):

---

[2] A true and correct copy of the Lender Parties Settlement Agreement is attached as Exhibit A to the Declaration of David Choo filed in support of the Motion [Docket Entry 298-2] (the "Choo Declaration").

(i) File notices of dismissal with prejudice of the Relief From Stay Appellate Proceedings and the Bankruptcy Court Adversary Proceeding, as those terms are defined in the Lender Parties Settlement Agreement (together, the "Bankruptcy Court Actions"); and

(ii) File a notice of dismissal with prejudice of the San Francisco County Superior Court Action, as that term is defined in the Lender Parties Settlement Agreement. (MS shall take all action the Superior Court may require, if any, regarding its pending Motion for Award of Attorneys' Fees in order for the San Francisco County Superior Court Action to be dismissed with prejudice.)

4. As of the Lender Parties Settlement Agreement's "Effective Date", the mutual release of all claims provided in the Lender Parties Settlement Agreement shall be effective as to the Debtors and all other parties thereto.

5. The Omnibus Release and Assignment Agreement (the "Omnibus Agreement")[3] between FM, on the one hand, and the Debtors, Choo, and Marcus Heights (collectively, the "Choo Parties") on the other hand, hereby is APPROVED.

6. The Separate Agreement (the "Separate Agreement")[4] between FM on the one hand, and Choo on the other hand, hereby is APPROVED.

7. Upon Closing, as that term is defined in the Omnibus Agreement, and partially in exchange for the $20 million Cash Consideration and the $5 million Deferred Consideration, as those terms are defined in the Omnibus Agreement:[5] (a) the Debtors, Choo, and all related entities (including, but not limited to, Marcus Heights) shall release and quitclaim to FM all of their right, title and interest in the real property further described in the Motion and the Omnibus Agreement and the Separate Agreement[6] and any transferrable development rights related thereto (collectively, the "Properties"), and any tangible and intangible personal property related thereto as

---

[3] A true and correct copy of the Omnibus Agreement is attached as Exhibit B to the Choo Declaration.

[4] A true and correct copy of the Separate Agreement (without Choo signature) is attached as Exhibit A to the Supplemental Declaration of Wendy Smith filed in Support of the Motion [Docket Entry 304].

[5] These sums collectively are defined as the "Cash Settlement Amount" in the Motion.

[6] Generally, seven parcels of real property located at or near the intersection of First and Mission Street in San Francisco, California.

further described in the Omnibus Agreement and the Separate Agreement (collectively with the Properties, the "Released Property"); and (b) any and all claims and interests by the Debtors, these bankruptcy estates, all creditors, equity holders, and parties-in-interest in these bankruptcy cases, and Choo and all related entities (including, but not limited to, Marcus Heights) shall be fully and finally released as to FM, FM's affiliates, and the Released Property.

8. FM shall take title to the Released Property free and clear of all liens, claims, and encumbrances by or of MS, the Debtors, these bankruptcy estates, all creditors, equity holders, and parties-in-interest in these bankruptcy cases, and Choo and all related entities (including, but not limited to, Marcus Heights). Except as to permitted exceptions on the current title report for the Property, FM also shall take title to the Released Property free and clear of all liens, claims, and encumbrances by or of any other persons and entities to the fullest extent permitted by law.

9. The Choo Parties are authorized, prior to the Closing Date (as that term is defined in the Omnibus Agreement), to solicit and accept additional offers pursuant to the requirements of Section 7.3 of the Omnibus Agreement.

10. Upon Closing, all insider claims in these bankruptcy cases, including but not limited to all claims by each and every of the Choo Parties (collectively, the "Insider Claims"), shall be forever waived, released, and barred. The Debtors shall satisfy all other claims and interests of all creditors, equity holders, and parties-in-interest in these bankruptcy cases, and these bankruptcy cases are conditionally DISMISSED, in accordance with the requirements and procedures described in Section 4.1.6 of the Omnibus Agreement and as set forth below, including that:

    a. The net $15 million (after payment of $5 million through Escrow to TMG LLC pursuant to paragraph 2.3 of the Omnibus Agreement), resulting from this transaction shall at Closing be deposited into the debtor-in-possession bank account of First Street Holdings NV, LLC (the FSH DIP Account").

    b. The Debtors shall (a) pay and satisfy; (b) obtain a complete waiver and release regarding; or (c) obtain a final order of this Court disallowing, each and every claim and interest in these bankruptcy cases.

c. In the event that any claim or interest in these bankruptcy cases is not fully paid and satisfied, waived, or released prior to Closing, or is not disallowed by final order of this Court prior to Closing, such claims shall be treated as follows:

    i. The Debtors are authorized to pay any undisputed general unsecured claims without further order of the Court. Payment of any claim that the Debtors elect not to dispute in these bankruptcy cases is without prejudice to or waiver of any claims or defenses they have against the creditor.

    ii. As to FILED CLAIMS, the Debtors will within 30 days of entry of this Order object to such claims, or the claims will be deemed allowed and paid, so long as Closing has occurred.

    iii. As to SCHEDULED CLAIMS that the Debtors wish to dispute, if Closing has occurred, the following procedure applies:

(a) The Debtors will apply to the court for authority, and show good cause, to amend their schedules to list any claim that they now believe must be contested because it has been paid, or for any other reason, within 30 days after entry to this Order.

(b) The creditor will at the time of amendment be notified that he, she or it has 60 days to file a claim or be forever barred from doing so.

(c) If the creditor files no claim, then the Debtors have no obligation to pay such creditors.

(d) The Debtors will have 30 days to object to any claim filed. If no objection is filed, the Debtors shall pay the amount of such claim. When a final order on allowance of the claim has been

achieved, the Debtors shall pay money as the order requires.

iv. As to ADMINISTRATIVE CLAIMS, the professionals or any other claimant asserting priority must notify the Debtors within 14 days after entry of this Order of the amount of their claims. Professionals will file fee applications that will be heard on regular notice. The Debtors alternatively may stipulate to the amounts payable to all professionals, in which case no fee applications will be required notwithstanding the foregoing, and the stipulated amounts shall be promptly paid without further order of the Court. There shall be a 90-day deadline to file compensation applications if required.

v. The funds recovered are deemed to be a single fund to pay the claims of creditors of all the Debtors.

vi. The costs of challenging the claims of the claimants are to be borne by the estates and will not reduce the amounts payable to creditors..

vii. These cases will be deemed dismissed finally upon payment of all allowed claims and final order disallowing all other claims, and the Debtors may upload an order closing these cases approved as to form by the United States Trustee.

viii. Richard Kipperman, Chapter 11 trustee of the consolidated estates of CMR Mortgage Fund I, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund III, LLC(the "CMR Cases"), shall receive directly from the Debtors' DIP account the sum of $240,000 from proceeds that would otherwise be paid to the Choo Parties under the Omnibus Agreement.  The $240,000 shall be paid to trustee

Kipperman as soon as practicable upon the Closing under the Omnibus Agreement. All of trustee Kipperman's rights under the global settlement of the Class and Derivative Action reached with David Choo and others in the CMR Cases are reserved to the extent such rights are provided for by the terms of such global settlement; provided, however that such rights do not extend to payment of allowed non-insider claims of creditors and professionals of the debtors in the above-captioned cases (i) in which Mr. Choo has no direct or indirect interest or (ii) are not otherwise identified in Mr. Choo's settlement agreement with trustee Kipperman.

11. All transactions contemplated by or under the Lender Parties Settlement Agreement, the Omnibus Agreement, and the Separate Agreement, including but not limited to, the PSA/Mission PSA (as those terms are defined in the Motion, in Recital F of the Lender Parties Settlement Agreement, and in Recital E of the Omnibus Agreement), hereby are APPROVED, and the Debtors, Choo, and all related entities (including, but not limited to, Marcus Heights) are authorized and directed to execute and deliver any further documents and instruments as may be reasonably required to consummate those transactions.

APPROVED AS TO FORM:

PAUL HASTINGS LLP

By:   /s/ Harvey A. Strickon
        Harvey A. Strickon
        Attorneys for MS Mission Holdings, LLC

COBLENTZ, PATCH, DUFFY & BASS LLP

By:   /s/ Greg M. Ficks
        Gregg M. Ficks
        Attorneys for FM Owner LLC

MACDONALD FERNANDEZ LLC

By:     /s/ Iain A. Macdonald_____
        Iain A. Macdonald

PACHULSKI, STANG, ZIEHL & JONES, LLC

By:___/s/ David M. Bertenthal_____
        David M. Bertenthal

Attorneys for
Richard M Kipperman Chapter 11 trustee of the consolidated estates of CMR Mortgage Fund I, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund III, LLC

OFFICE OF THE UNITED STATES TRUSTEE

By:___/s/ Matthew Kretzer_____
        Matthew Kretzer

Attorney for the United States Trustee

MCNUTT LAW GROUP

By:____/s/ Shane Moses
        Shane Moses

Attorneys for Gary Solit

***** END OF ORDER *****

COURT SERVICE LIST

None